In re NATIONAL CONSUMER MORTGAGE, LLC, Debtor.

John P. Brincko, Plaintiff,

v.

Rio Properties, Inc., Defendant.

No. 2:10–CV–00930–PMP–PAL.

United States District Court, D. Nevada.

Signed June 19, 2014.

Jason Levin, Lita Beth Wright, Matthew David Kane, Bijan Amini, Noam Besdin, Storch Amini & Munves P.C., New York, NY, Dennis L. Kennedy, John R. Bailey, Russell Jason Burke, Bailey Kennedy, Las Vegas, NV, for Plaintiff.

Genevieve G. Weiner, James Patrick Doust, James P. Fogelman, Rachel N. Perahia, Samuel A. Newman, Shannon E. Mader, Gibson, Dunn & Crutcher LLP, Los Angeles, CA, James D. Boyle, Cotton, Driggs, Walch, Holley, Woloson & Thompson, Las Vegas, NV, for Defendant.

*ORDER*

PHILIP M. PRO, District Judge.

The parties in this case have filed numerous papers under seal. Given that this matter has been tried before a jury to a verdict in open court, the Court ordered the parties to show cause why all prior filings should not be unsealed. (Order (Doc. # 390).) Plaintiff John P. Brincko ("Trustee") did not respond to the Order to Show Cause. The Court therefore concludes the Trustee has no objection to unsealing any prior filings in this case. Defendant Rio Properties, Inc. ("Rio") responded by identifying four categories of documents it contends should remain sealed. First, Rio identifies various documents which should be redacted because they contain personal identification information that should not be publicly released pursuant to Special Order 108. Second, Rio contends some documents contain trade secrets or proprietary information. Third, Rio seeks to keep sealed an investigative report prepared by the Nevada Gaming Control Board. Finally, Rio argues the Suspicious Activity Report should be sealed.

■■■ Generally, the public has a right to inspect and copy judicial records. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006). Such records are presumptively publicly accessible. *Id.* Consequently, a party seeking to seal a judicial record "bears the burden of overcoming this strong presumption." *Id.* In the case of dispositive motions, the party seeking to seal the record "must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178–79 (alteration and internal quotation marks and citations omitted).

Among the compelling reasons which may justify sealing a record are "when such court files might have become a vehicle for improper purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quotation omitted). However, avoiding a litigant's "embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* In this case, while discovery may have proceeded pursuant to a protective order, this matter has now been tried before a jury to a verdict in open court.

## A. Personal Information

■■■ Pursuant to Special Order 108 and the E–Government Act of 2002, certain personal data identifiers in documents filed with the Court should be redacted unless otherwise ordered by the Court. The Court concurs with Rio that the identified documents should be redacted to remove personal identifiers which had no bearing on the issues at trial. However, due to technological limitations, the Court cannot do as Rio proposes and substitute Rio's redacted exhibits with the originals. Instead, the Court will direct the Clerk of Court to keep the identified documents sealed, and direct the party who originally filed the document to file a redacted version of the entire docket entry in which the sealed exhibits are located. Plaintiff and Defendant shall comply with this Order within twenty-one (21) days.

## B. Trade Secrets and Proprietary Information

■■■ The exhibits containing a Rio customer's "theoretical win" as determined through a proprietary algorithm are trade secrets. The theoretical win was irrelevant to the issues tried in this matter, and thus the public's right to know this information as part of a court record is low.

Consequently, Rio has overcome the strong presumption that these portions of the court records are publicly accessible, and the Court will direct that Exhibit B–35 to Rio's Motion for Summary Judgment with Respect to Trustee's Affirmative Claims, filed under docket entry 186, and identified as Trial Exhibit 573, shall remain sealed.

However, Exhibit B–27 to the Trustee's Omnibus Opposition to Rio's Motion for Summary Judgment dated September 19, 2011, identified as Trial Exhibit 136, was admitted into evidence before the jury in open court during the trial. (Tr. (Doc. # 367) at 11–12.) As a result, this document already has been publicly released. The Court therefore will order Exhibit B–27 to the Trustee's Omnibus Opposition to Rio's Motion for Summary Judgment dated September 19, 2011, and Trial Exhibit 136, be unsealed.

### C. Nevada Gaming Control Board Report

■ The Nevada Gaming Control Board investigative report attached as Exhibit B–35 to Rio's Motion for Summary Judgment with Respect to Trustee's Affirmative Claims dated August 15, 2011, was Trial Exhibit 163, and was admitted into evidence before the jury in open court during trial. (Tr. (Doc.# 365) at 53–54). The Court therefore will order these documents be unsealed.

### D. Suspicious Activity Report

■ The Court is perplexed by Rio's request that the Suspicious Activity Report be sealed. The Court previously denied Rio's Motion in Limine (Doc. # 270) seeking to exclude this document from trial. (Mins. of Proceedings (Doc. # 328); Tr. (Doc. # 333) at 33.) In doing so, the Court stated that the Suspicious Activity Report would not be confidential if offered at trial. (Tr. (Doc. # 333) at 23–25, 28–29.) The Court also specifically rejected Rio's

request to close the courtroom during presentation of that evidence. (*Id.* at 28–30.) The Court again overruled Rio's objection on this issue at trial. (Tr. (Doc. # 362) at 131–32.) The Suspicious Activity Report was admitted into evidence before the jury in open court. (*Id.*) Further, in the Order to Show Cause, the Court noted that although many documents had been filed under seal, this case had been tried to a jury in open court, and thus the parties needed to show cause why previously sealed filings should not be unsealed. (Order (Doc. # 390) at 2.)

Rio's request that the Court seal the Suspicious Activity Report ignores the Court's prior rulings without explanation. If Rio is making an objection to preserve the record, it should say so. But its request that the Court seal a document the Court twice has ruled was admissible in the public record, and that was actually admitted in open court before the jury, without any qualification or explanation as to why the Court should reconsider its prior rulings is improper and will be denied.

### E. Conclusion

IT IS THEREFORE ORDERED that the Clerk of Court shall unseal every sealed filing in this case EXCEPT the following specifically identified docket numbers, which shall remain sealed:

- Exhibits B19–25 to Rio's Motion for Summary Judgment (Doc. # 185)
- Exhibits B26–35 to Rio's Motion for Summary Judgment (Doc. # 186)
- Exhibits B36 through C–3 to Rio's Motion for Summary Judgment (Doc. # 187)
- Exhibits B19–25 to Rio's Motion for Summary Judgment (Doc. # 191)
- Exhibits B26–35 to Rio's Motion for Summary Judgment (Doc. # 192)
- Exhibits B36–H to Rio's Motion for Summary Judgment (Doc. # 193)

- Exhibits B31–B45 to Trustee's Omnibus Response (Doc. # 220)
- Exhibits B61–74 to Trustee's Omnibus Response (Doc. # 222)
- Trial Exhibit 573

IT IS FURTHER ORDERED that the party who originally filed each of the above identified docket entries that will remain sealed must re-file the documents in their entirety with redactions as directed by this Order within twenty-one (21) days of the date of this Order.[1]

1. For example, although only Exhibit B–68 to the Trustee's Omnibus Opposition to Rio's Motion for Summary requires redaction, Exhibit B–68 was filed under docket entry No. 222 along with Exhibits B–61 through B–74. The Trustee must re-file Exhibits B–61 through B–74, with a redacted version of Exhibit B–68, so that all exhibits are filed in a publicly accessible format.